**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CASE NO. 6:14-CR-25-JDK** |
| **vs.** | § | |
| | § | |
| | § | |
| **JACOB LEE DURST (3)** | § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On December 14, 2020, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision.  The Government was represented by Assistant United States Attorney Allen Hurst.  Defendant was represented by Bobby Mims.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine and Heroin, a Class C felony, Defendant Jacob Lee Durst was sentenced on January 22, 2015 by United States District Judge Michael H. Schneider.  The offense carried a statutory maximum imprisonment term of 20 years.  The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of III, was 70 to 87 months.  Defendant was sentenced to 72 months of imprisonment to be followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse testing and treatment, mental health treatment, a GED, and payment of the $100 special assessment.

The case was re-assigned to United States District Judge Jeremy D. Kernodle on February 28, 2019. Defendant completed his term of imprisonment and started his term of supervised release on May 24, 2019.

### Allegations

In the Petition seeking to revoke Defendant's supervised release, filed on November 17, 2020, United States Probation Officer Ben Sanders alleges that Defendant violated the following conditions of supervised release:

1. **Allegation 1 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance.  The defendant must submit to one drug test within fifteen days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted urine specimens that tested positive for methamphetamine on April 2, September 18, and October 5, 2020.

2. **Allegation 2 (special condition): The defendant must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately.  The defendant must abide by the rules and regulations of the center and pay subsistence according to the U.S. Bureau of Prisons' guidelines.**  It is alleged that Defendant absconded from County Rehabilitation Center in Tyler, Texas on November 16, 2020.

### Applicable Law

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*,

possessing methamphetamine as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was III.  The guidelines provide that Defendant's guideline range for a Grade B violation is 8 to 14 months of imprisonment.  If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by using methamphetamine or failing to comply with the rules of the residential center as alleged in the petition, he is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  With Defendant's original criminal history category of III, the guidelines provide that Defendant's guideline range for a Grade C violation is 5 to 11 months of imprisonment.

### Hearing

On December 14, 2020, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Allen Hurst announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of 12 months and 1 day of imprisonment with no further supervised release.  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition.  Defendant requested a recommendation for designation at USP Beaumont.

### Findings and Conclusions

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true.  Defendant is guilty of a Grade B supervised release violation.  I further find and conclude that Defendant's term of supervised release should

---

122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

be revoked and that he should be sentenced to 12 months and 1 day of imprisonment with no further supervised release.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 12 months and 1 day of imprisonment[2] with no further supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 12 months and 1 day of imprisonment with no further supervised release.

So ORDERED and SIGNED this 16th day of December, 2020.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

---

[2] The recommended sentence is inclusive of the unserved community confinement term.